IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANCIS AKINRO

v. : CIVIL ACTION NO. CCB-01-4188

FIREMAN GBENGA ABINA
MRS. WILLIAM (IYA ALAKE)

..oOo..

**ORDER**

This complaint was dismissed as frivolous on January 7, 2002. On March 5, 2002, the plaintiff filed a motion to recuse and to proceed with the case. (Paper No. 8.) Mr. Akinro claims that the undersigned Judge has a personal bias towards him. (*Id.*) Further, the plaintiff takes issue with the summary dismissal of the complaint. He disputes the characterization of his cause of action as "delusional and patently frivolous" and claims that he does have a cognizable interest in the prosecution of a group of people who have committed felonies. (*Id.*)

I shall first address Mr. Akinro's recusal request. Recusal can be considered whenever a party to any proceeding files a sufficient affidavit stating that the judge before whom a case is assigned has a personal bias or prejudice either against that party or in favor of another party. *See* 28 U.S.C. §144. A motion for recusal must also be accompanied by a certificate stating that the motion is made in good faith. (*Id.*).

Plaintiff claims that the undersigned judge has a personal bias with regard to his complaints. He alleges that the bias arises out of friendships and agreements with the Maryland Attorney General, an Assistant Attorney General, a Veterans Administration counselor and two individuals to attack his cases which challenge their "evil spirit monitor." I find the offered reasons for recusal

without factual merit and fanciful at best. The motion to recuse shall be denied.

To the extent that the plaintiff wishes to "proceed" with his case, his motion shall be construed as a reconsideration request filed pursuant to Fed. R. Civ. P. 59(e) and shall likewise be denied. First, the motion has not been filed in a timely manner. Moreover, I again find that the plaintiff has no cognizable constitutional interest in the criminal prosecution of the defendant(s)[1] and that his claims, which were previously delineated in this Court's January 7, 2002 opinion, are factually and legally frivolous. I find no justiciable reason to alter my previous decision.

Accordingly, IT IS this ___15___ day of ___April___ 2002, hereby ORDERED that:

1. Plaintiff's motion for recusal (Paper No. 8-1) IS DENIED;

2. Plaintiff's motion to proceed (Paper No. 8-2), treated as a motion for reconsideration, IS DENIED; and

3. The Clerk of the Court shall MAIL a copy of this Order to the plaintiff.

Catherine C. Blake
United States District Judge

2

---

[1] Mr. Akinro is of course free to contact the local or federal prosecutors in regards to the criminal prosecution of the named defendants.